# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2022

Lyle W. Cayce
Clerk

No. 18-60888
Summary Calendar

JESUS GREGORIO LOPEZ ZAMORA; JOSEFINA SIGALA MADRID;
GUADALUPE ANGELICA LOPEZ SIGALA; BEATRIZ ADRIANA
LOPEZ SIGALA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 135 970
Agency No. A208 135 971
Agency No. A208 135 972
Agency No. A208 135 973

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

Per Curiam:*

Josefina Sigala Madrid and her daughters, Guadalupe Angelica Lopez Sigala and Beatriz Adriana Lopez Sigala (the petitioners), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals's (BIA) decision dismissing their appeal from an order of the Immigration Judge (IJ) denying their applications for asylum and withholding of removal. The petitioners do not challenge the denial of relief under the Convention Against Torture. Additionally, Jesus Gregorio Lopez Zamora, Sigala Madrid's husband and the children's father, does not challenge the denial of his requested immigration relief. Any such claims are deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Although the petitioners argue that their family-based particular social group (PSG) was cognizable, the BIA assumed that they had alleged a proper PSG. The petitioners also challenge the BIA's conclusion that they failed to establish the required nexus between their family-based particular social group (PSG) and their feared persecution. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Evidence in the record indicates that any harm the petitioners fear upon return to Mexico would not be on account of their family-based PSG but rather in retaliation for Lopez Zamora's failure to pay the ransom demanded by individuals who kidnapped him. Accordingly, the evidence does not compel a conclusion that the petitioners demonstrated past persecution or a well-founded fear of future persecution on account of a protected ground. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Gonzales-Veliz*, 938 F.3d at 224; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015). Given the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60888

failure to establish nexus, we need not address the petitioners' contention that death threats rose to the level of past persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Because the petitioners have failed to demonstrate their entitlement to asylum, they cannot satisfy the more demanding standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Accordingly, the petition for review is DENIED.